# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>v.<br><br>Christopher Preston,<br><br>          Defendant. | No.  4: 13-CR-1851-JAS<br><br><br>**ORDER** |

      Pending before the Court is the Government's Motion in Limine re: Defense Proposed Expert Witness Testimony (Doc. 106) and the Defendant's Response to Government's Motion in Limine Regarding Defense Proposed Expert Witness Testimony (Doc. 110).  For the reasons discussed below, the Motion is DENIED.

      The Government argues that the Defendant's expert witness, Dr. Paul Simpson, should not be able to state the following opinion:

> 3) Dr. Simpson is expected to opine that when a person is under psychological stress, that person is more likely to create false allegations than a person who is not under such stress.  Furthermore, as this type of stress can be caused by a person facing felony criminal charges and court obligations, such a scenario can create the conditions for a false allegation to arise.

According to the Government, the materials disclosed by the Defendant (one study provided by the expert witness) did "not include sufficient facts or data supporting" the

opinion under Rule 702(b) and the "principles and methods also do not apply to the facts of this case under Rule 702(d)."

Even assuming that the Government is correct that the previously disclosed study did not provide sufficient facts or supporting data and that the principles and methods in the disclosed study were not applicable to the facts of this case, the Defendant has disclosed additional documents that address those deficiencies (Doc. 110, Exhs. 1-4). These four studies provide additional support for the proposed expert opinion. For example, Exhibit 1 provides evidence that people will lie in order to avoid serious consequences – in particular, when a person faces serious consequences, they are more likely to create a more serious false statement. ("The second most common type of serious lies were those told to avoid punishment or blame.") Exhibit 4 provides evidence that "[m]ental health issues played a significant role in many of the false reports," and in those cases, many complainants had multiple motivations for creating false allegations.

Put together, the additional studies provide sufficient facts and data for the witness to make the proffered expert opinion. Of course, the Government will be able to cross-examine the witness as to the strength of his conclusions, present contrary evidence, and instruct the jury carefully with respect to the burden of proof – "the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993).

For these reasons, the Government's Motion is DENIED.

Dated this 7th day of August, 2015.

Honorable James A. Soto
United States District Judge